June, 1809.

BULL
v.
BULL.

(a) Tit. 4.

WILLIAM C. BULL *against* JAMES BULL.

A power to two executors to sell & dispose of an estate, in such way and manner as they shall judge most beneficial to the devisees, will not give *one* of them a power to sell, nor will it authorize one or both to enter upon and occupy the estate.

MOTION for a new trial.

This was an action of ejectment.

The general issue was pleaded; and upon trial to the jury, the plaintiff, who was the son and heir of *William W. Bull*, deceased, claimed by virtue of a devise of *Caleb Bull*, deceased, to *William W. Bull*. The defendant was an executor of the will of *Caleb*, and claimed by virtue of another clause therein. The devisor, after giving the use of part of his estate to his wife, for her life, proceeds as follows: " *Item*, I give and bequeath unto my son *William W. Bull*, two thirds of all and every property, I may be possessed of, at the time of my decease, after my just debts are paid; and to my daughter *Mary Otis Bull*, the other third, in like manner. Lastly, I appoint my brothers *James Bull*, and *Thomas Bull*, executors of this, my last will, and testament, with *full power, to sell, and dispose of any*, and every part, of the estate belonging *to me, in such way, and manner, as they may judge most beneficial for the legatees*, except the house, &c. bequeathed to my wife

*Abigail*, during her life, and at her decease, then the disposal of said house, &c. to be disposed of at the executors' discretion."

By the latter clause, the defendant claimed the right of possession, in the estate of *Caleb*, until the estate was settled. But the court directed the jury, that the plaintiff had the title, and the right of possession. And the jury accordingly found a verdict for the plaintiff.

A new trial was moved for, on account of this direction to the jury; and the question reserved for the opinion of the nine judges.

*Dwight*, in support of the motion.

The only question arises as to the nature of the powers given to the executors of *Caleb Bull*, by this will. In *England*, there has been a diversity of opinions, and nice distinctions, as to what is a mere power, and what a power coupled with an interest. *Pow. on Dev.* 302. *Co. Litt.* 113. note 2. *Pigot* v. *Garnish*, *Cro. Eliz.* 678. 734. *Howell* v. *Barns*, *Cro. Car.* 382. *Wall* v. *Thurbane*, 1 *Vern.* 355. 414. *Wareham* v. *Brown*, 2 *Vern.* 153. *Pow. on Dev.* 290. *Liefe* v. *Saltingstone*, 1 *Mod.* 189. 8 *Vin. Abr.* 235. *Tomlinson* v. *Dighton*, 1 *Salk.* 239. *Daniel* v. *Upley*, *Latch.* 9. 39. 134.

But it will not be contended, that this devise gives to the executors an *interest*, but merely an authority. And the inquiry is, as to the extent of that authority. This must depend upon the intent of the testator. He having provided for the payment of his debts, and for his wife, and apportioned his estate between his children, appoints his brothers executors, with full power *to sell*, and *dispose* of any, or every part of his estate, as *they may think most beneficial, for the legatees*. It is not an authority to sell

to pay debts, nor to pay legacies charged upon the estate. His intent, then, must have been, to protect the property *from* the devisees, *for* the devisees; to guard it against those for whose use it was designed. As it respects the executors, it is as extensive as a power can be; it applies to every kind of property; it is confined to no time; and is bounded only by their discretion.

That the executors might *sell*, under this power, must be conceded. If they can sell all the estate, cannot they dispose of a part? Or, in other words, if they can sell, may they not lease? And if they may lease to others, may they not occupy themselves? But the testator, as if fearful that the word *sell* would not express all he meant, not only gives them the power to sell, but " *to dispose of it in any way*," *&c.* He then must have intended to give them some other power than a power *to sell*, they being liable, however, to account for the avails. In short, having fixed *the proportions*, he authorizes his executors to distribute to the devisees, in such way, and manner, as they shall judge most beneficial. There is no limitation of this power; to effect the intent of the testator it must continue at least until the settlement of the administration account.

If such was the intent of the testator, it ought to be regarded. *Civil* v. *Rich*, 1 *Ch. Cas.* 309. He had a right to dispose of his own. He might have disinherited his children; and surely, he may subject them to the discretion of those in whom he confided. If the executors abuse this confidence, a court of chancery will interfere. *Thomas* v. *Thomas*, 2 *Vern.* 513. 2 *Com. Dig.* 699. But unless abused, they must retain all the authority given them by the testator.

*Ingersoll*, contra.

By the will of *Caleb Bull*, the estate vested in his

children. The executors have *no interest*, but merely *an authority to sell. Pow. on Dev.* 293. 300. *Foone* v. *Blount, Cowp.* 464. This is now admitted on the part of the defendant; but it is said, their authority is an authority not only to sell, but to dispose of the estate in any way they shall judge best. If this were admitted, it could have no effect in this case; because the executors have not exercised the power of selling, or disposing of it. They have neither sold, nor leased it; they have neither conveyed, nor contracted to convey it.

It remains, then, a fee-simple estate in these devisees and their heirs. What then prevents them from gaining the possession of it? Not a particular interest in another; for it is agreed, the executors have no interest themselves, and have conveyed none. A power to *sell*, or *lease*, cannot give the right of possession against the owner. During the life of him who created an attorney with power to sell, such attorney never would claim that he could keep the owner out of possession. And it can make no difference, that this power is not to operate until the death of him who gives it. When the power has been exercised, a purchaser under it may have the right of possession; but the attorney has but a power, and that can give no more right to possession than to property.

The interest of the devisees might have been devested by the exercise of the power given to the executors; but until thus devested, the title is complete in them.

But if the executors had any rights, by virtue of this will, the rights do not exist at this time. They had a power, which they might have exercised; but it could not have been designed to continue for ever. If they sold, they must sell in a reasonable time, but could not sell at

June, 1809.

SEYMOUR
v.
BULL.

any future time. To make the delay in settling the administration account a ground for retaining the power, is to reward negligence, and give a premium for delay. The widow of *Caleb Bull* and one of the devisees are already dead; and if the power is yet to survive, there can be no limitation. And the executors (although it is expressly admitted that they have no interest) must have all the privileges of owners.

BY THE COURT. The will of *Caleb Bull* gave to *James Bull* and *Thomas Bull*, a joint power to sell and dispose of the estate of the testator, which was but a naked power, without being coupled with an interest. Even the power to sell could not be exercised by one of the executors, separately; and no power was given to them jointly, or separately, to enter upon, and possess, any part of the real estate; but the devisee having the fee, his heir at law has right to the possession.

New trial not to be granted.